# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

NORMOND L. HALE,

    Petitioner,

v.                                                   Case No. 3:20cv5825-MCR-HTC

RICKY D. DIXON,

    Respondent.

_____/

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, recommending the denial of Petitioner Normond Hale's amended petition filed pursuant to 28 U.S.C. § 2254. ECF No. 22. The Plaintiff was furnished a copy of the Report and Recommendation and afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a *de novo* determination of all timely filed objections, *see* ECF No. 25.

Having considered the Report and Recommendation, and the timely filed objections, the Court has determined the Report and Recommendation should be adopted. The undersigned finds it appropriate to comment additionally only on the objection to Ground One. First, contrary to the objection arguing that deficient performance was not addressed, the Magistrate Judge correctly noted that the state court did address deficient performance, and also, in an abundance of caution, the

Magistrate Judge conducted an alternative *de novo* review finding no deficient performance, which the Court also adopts. Second, the Court rejects Hale's argument that the state postconviction court failed to apply the correct standard for prejudice. The state postconviction court expressly quoted the correct federal standard under *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). *See* ECF No. 14–10 at 31 (requiring a showing of "a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different" to establish prejudice). Moreover, the state court provided a careful analysis which demonstrates that this standard was applied, despite omitting the phrase "reasonable probability" from the final line of analysis. *See generally* ECF No. 14–10 at 35–38. Even applying *de novo* review of that decision, there is no reasonable probability on this record that had counsel presented Hale's military records to show that his conduct in this incident was an anomaly, or presented evidence of a prior head injury, the result at sentencing would have been different. The military records were cumulative—counsel did inform the sentencing court of Hale's 20-year military service, the court knew he had no prior criminal history, and letters presented in mitigation outlined that Hale's actions were contrary to his normal character. Hale does not object to the Magistrate Judge's finding that the prior head injury was admittedly unproven and thus speculative, and the state court did take into consideration an altered mental state due to Hale's self-inflicted head

injury at the time, and even this was found to be unavailing in light of the egregious factual circumstances.  No evidentiary hearing is required, and the objections are overruled.

Accordingly, it is **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, ECF No. 22, is adopted and incorporated by reference in this Order.

2. The amended petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Hale*, 2014 CF 693, in the First Judicial District, in and for Santa Rosa County, Florida, ECF Doc. 5, is DENIED without an evidentiary hearing.

3. A certificate of appealability is DENIED.

4. The clerk of court is directed to close the file.

**DONE AND ORDERED** this 24th day of May 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:20cv5825-MCR-HTC